## WHITEHEAD vs. McBRIDE, administrator.

The statutes of distribution, as codified in section 2533 of the Code, are in apparent conflict with the statutes providing for year's support, as codified in section 2571, upon the point of preference between a physician's bill for services in last sickness and year's support for the family. In construing both and examining the original acts of the general assembly on the respective subjects.

*Held*, that, inasmuch as the year's support is a charge upon the estate, with or without administration, and provision is made for its being set apart without any representation upon the estate, it has preference over all debts, physician's bills for last sickness included.

(*a.*) The attention of the general assembly now in session is called to the conflict.

December 2, 1884. (Head-notes by the court.)

Year's Support. Administrators and Executors. Estates. Before Judge CARSWELL. Jefferson Superior Court. May Term, 1884.

McBride, administrator, filed his bill for injunction, interpleader and direction. Among the claims against the estate was a physician's bill for services rendered during the last sickness of the deceased, and also a claim for year's support by his widow and minor children. The administrator, believing the latter to be the superior claim,

paid it, and this was the real point of contest. The case was submitted to the presiding judge without a jury. He held that the administrator acted properly in paying the year's support before the physician's bill, and to this judgment exception was taken.

GAMBLE & HUNTER, for plaintiff in error.

PHILLIPS & WYNNE, for defendant.

JACKSON, Chief Justice.

The question made by this record is, which has preference in the distribution of a decedent's estate, the physician's bill for medical services in the last sickness or the year's support of the family of deceased?

The statute of distributions, codified in section 2533 of our Code, and the statutes providing for the support of the family, codified in section 2571, are in conflict; and the solution of the difficulty and ascertainment of the true law cannot be easily reached. It would be well that the general assembly, now in session, declare it; and to expedite its action, we give at once our adjudication upon the point.

By section 2533 of the Code, the funeral expenses, including the physician's bill for medical services in the last sickness, have preference over the year's support and the costs of administration, with which that family support for a year is ranked. But in section 2571 it is declared that, "among the necessary expenses of administration, and to be preferred before all other debts, is the provision for the support of the family." The physician's bill is certainly a debt, and the year's support has preference over all debts by this section, and therefore over this debt.

So the two sections collide, and when the syllabus was published in "The Atlanta Constitution," the attention of the general assembly, then in session, was invited to it. Until that body acts, it is our duty to decide between them.

We think that the error is made in the codification found in section 2533, where effect is given to the words, "among the necessary expenses of administration," codified in 2571, but no effect is given to other words in the same section bearing on this point of priority of payment and controlling it, to-wit, " and to be preferred before all other debts," which words mean that the year's support is not only to be among the necessary expenses of administration, but to be preferred to all debts. So that if preference be given to any other debt over other expenses of administration, it cannot be over this expense, to-wit, the year's support. This charge is not only one expense of administration, but an expense which has preference in payment before every other debt.

But as if to conclude the point and put it beyond cavil, section 2571 declares that this year's support is to be set apart, whether there be administration or not, enacting that, " Upon the death of any person, testate or intestate, leaving an estate solvent or insolvent, and leaving a widow and minor child or children, or minor child or children only, it shall be the duty of the ordinary, on the application of the widow, or the guardian of the child or children, or any other person in their behalf, on notice to the representative of the estate (if there is one, and if none without notice), to appoint five discreet appraisers," etc. So that, whether there be administration or not, whether the children have guardian or not, whether the estate be solvent or not, the family is to be supported for a year, if the deceased leaves enough to support them. It is a charge on the property, and such a charge as needs no administration to enforce. Therefore it is a charge above and beyond and independent of administration and its expenses, and stands before all debts and all other expenses of administration, and dispenses with all those expenses. It is thus clear that it must have preference over the physician's debt, just and equitable as that debt is.

An examination of all the acts on the subject, codified in these sections, which has been carefully made, confirms this view of the law as it now stands.

Judgment affirmed.